Filed 10/8/13  P. v. Martinez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057456 |
| v. | (Super.Ct.No. RIF1200999) |
| LUIS OBED BLANCH MARTINEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jeffrey Prevost, Judge. Affirmed.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury found defendant and appellant Luis Obed Blanch Martinez guilty of committing two counts of forcible sexual penetration of a child under 14 years of age and

1

seven or more years younger (Pen. Code, §§ 269, subd. (a)(5), 289, subd. (a)),[1] and 13 counts of committing forcible lewd acts on a child under 14 years of age (§ 288, subd. (b)(1)). Defendant was sentenced to a total determinate term of 104 years, plus a consecutive indeterminate term of 30 years to life in state prison with credit of 331 days for time served. Defendant appeals from the judgment. We find no error and affirm the judgment.

FACTUAL BACKGROUND

Between November 2010 and January 2012, defendant sexually assaulted his wife's 12-year-old niece, Jane Doe. Specifically, defendant would sneak into a bedroom Jane shared with her brother three to four times a week in the middle of the night and touch her inappropriately. He would fondle her breasts underneath her clothing, kiss her on the lips, touch her vagina underneath her clothing, kiss her vagina, penetrate her vagina with his fingers, and fondle her buttocks. Defendant would ask Jane if she "wanted it" and she would say "no." Each time, Jane would resist and tell defendant to stop touching her.

Defendant told Jane not to tell anyone and also threatened to hurt someone in Jane's family if she told. Jane did not tell anyone because she was scared. During one incident, defendant grabbed Jane's hand and tried to have her touch his exposed penis. Jane pulled her hand away and said no.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

Jane eventually disclosed the molestations in January 2012. In an interview with the Riverside County Sheriff's Department investigator, defendant admitted the allegations and wrote Jane an apology letter.

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
P. J.

We concur:


HOLLENHORST_____
J.


KING_____
J.

3